UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDWARD PAYNTER,

       Plaintiff,                          Case No. 2:07-cv-328
                                            JUDGE GREGORY L. FROST
    v.                                    Magistrate Judge Terence P. Kemp

LICKING MEMORIAL HEALTH SYSTEMS,

       Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's motion to dismiss (Doc. # 4), Plaintiff's memorandum in opposition (Doc. # 14), and Defendant's reply memorandum (Doc. # 15). For the reasons that follow, the Court finds the motion well taken.

### I.  Background

According to the pleading, Plaintiff, Edward D. Paynter, is an Ohio resident who was employed since December 10, 2001 by Defendant, Licking Memorial Health Systems. During at least April and May 2006, Plaintiff's spouse, Misty Paynter, also worked for Defendant.[1] During her employment with Defendant, Plaintiff's spouse requested family and medical leave at various times. In April 2006, she had either requested family and medical leave or was on family and medical leave when Defendant terminated her employment. Plaintiff's spouse subsequently filed a disability discrimination charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") in May 2006.

---

[1] The Complaint does not identify Plaintiff's spouse by name, but Plaintiff's memorandum in opposition clarifies that her name is Misty Paynter. (Doc. # 14, at 5 n.1.)

1

On August 15, 2006, Defendant then terminated Plaintiff's employment. Thereafter, on April 16, 2007, Plaintiff filed a three-count complaint. (Doc. # 2.) Count one asserts a discrimination claim under Ohio Rev. Code § 4112.99 and state common law, count two consists of a federal retaliation claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and count three asserts another state law claim for wrongful discharge in violation of Ohio public policy. (Doc. # 2 ¶¶ 5-30.)

On June 18, 2007, Defendant moved to dismiss the Complaint for failure to state a claim upon which this Court can grant relief. (Doc. # 4.) The parties have completed their briefing, and the motion to dismiss is now ripe for disposition.

## II. Motion to Dismiss

### A. Standard Involved

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dismissal is warranted under that rule " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)), *cert. denied*, 520 U.S. 1251 (1997)). The focus is not on whether Plaintiff will ultimately prevail, but rather on whether he has offered " 'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)).

In making such a determination, the Court must " 'construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein.' "

*Sistrunk*, 99 F.3d at 197 (quoting *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994)). The Court need not, however, accept conclusions of law or unwarranted inferences of fact. *Perry v. Am. Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003). Additionally, the Court may also consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

### B.  Count One: State law discrimination claim

In his first claim for relief, Plaintiff asserts that Defendant fired him because his spouse filed a claim with the EEOC. Defendant argues in its motion to dismiss that Plaintiff has failed to state a claim for discrimination under Ohio Rev. Code § 4112.99 and state common law because neither prohibit this alleged conduct. This Court agrees with Defendant.

Section 4112.99 provides state law remedies for violations of Ohio Revised Code Chapter 4112. Section 4112.02(I) is of particular import here, then, as it provides a statutory prohibition against discrimination:

> It shall be an unlawful discriminatory practice ... [f]or any person to discriminate in any manner against any other person because *that person* has opposed any unlawful discriminatory practice defined in this section or because *that person* has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code.

Ohio Rev. Code § 4112.02(I) (emphasis added). The federal standard for a retaliation claim governs an Ohio state law retaliation claim as well. *See Galey v. May Dep't Stores Co.*, 9 F. App'x 295, 298-99 (6th Cir. 2001) ("In reviewing retaliation claims, Ohio courts look to federal case law"); *see also Hollingsworth v. Time Warner Cable*, 157 Ohio App. 3d 539, 553, 812 N.E.2d 976, 987 (Ohio 1st App. Dist. 2004) ("The test for establishing a retaliation claim under

federal and state law is basically the same"). Thus, for a plaintiff to prevail on a retaliation claim, he or she must "prove unlawful retaliation by presenting direct evidence of such retaliation or by establishing a *prima facie* case under the *McDonnell Douglas* framework." *Abbott v. Crown Motor Co., Inc.*, 348 F.3d 537, 542 (6th Cir. 2003) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Laderach v. U-Haul of Northwestern Ohio*, 207 F.3d 825, 829 (6th Cir. 2000)). A *prima facie* case requires a plaintiff to show by circumstantial evidence that he or she engaged in protected activity, that the defendant knew of this activity, that the defendant then took an adverse employment action against the plaintiff (or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor), and that there was a causal connection between the protected activity and the adverse employment action or harassment. *Creusere v. Bd. of Educ. of the City Sch. Dist. of the City of Cincinnati*, 88 F. App'x 813, 820 (6th Cir. 2003) (quoting *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 793 (6th Cir. 2000)). Further, " '[t]he evidence must be sufficient to raise an inference that the protected activity was the likely reason for the adverse action.' " *Id*. (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 463 (6th Cir. 2001); *Walborn v. Erie County Care Facility*, 150 F.3d 584, 589 (6th Cir. 1998)).

      Given the foregoing, Defendant is therefore correct in arguing that the statutory scheme does not provide a claim for Plaintiff. Plaintiff has failed to plead that he opposed any unlawful discriminatory practice defined in the statutory scheme or that he made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing covered by the statutory scheme. Plaintiff's entire first claim is predicated on his mere association with his

spouse, distinguishing himself from cases in which a person has in effect operated as the agent of another party so as to fall within the scope of statutory protection.

Another judicial officer in this District has held that a third-party retaliation claim such as Plaintiff's claim does not exist under § 4112.02(I). *See Rainer v. Refco, Inc.*, 464 F. Supp. 2d 742 (S.D. Ohio 2006). In *Rainer*, a plaintiff asserted a reprisal claim under both Title VII and § 4112.02(I) when both he and his mother were allegedly fired as retaliation for his mother opposing sex discrimination by their mutual employer. *Id.* at 745. Analyzing the relevant statutes,[2] Magistrate Judge Kemp concluded that an individual who has not engaged in activity protected by either Title VII or Ohio's employment discrimination laws cannot claim unlawful retaliation if that person's employment was terminated as a result of protected activity engaged in by another person with whom the discharged plaintiff has some type of relationship. *Id.*

In reaching this decision, Magistrate Kemp explained that Title VII

> makes it unlawful only for an employer to retaliate against an employee or applicant for employment who has himself or herself engaged in some type of protected activity under Title VII. It does not, by its terms, preclude the employer from taking similar retaliatory action against others, even if the purpose and effect of that retaliatory action would be to discourage employees or applicants for employment from engaging in protected activity. Although one of the purposes of Title VII is to encourage protected activity and to free applicants or employees from the fear of retaliation when they engage in protected activity, neither § 2000e-3(a) nor any other provision of Title VII appears to prohibit any and all actions, no matter whom they are directed against and no matter what they consist of, which would have *some* deterrent effect upon protected activity. There are simply some employer-initiated disincentives to protected activity which fall outside Title VII's reach.

---

[2] Although *Rainer* devoted the majority of its discussion to Title VII, that decision also recognized that "[p]rinciples of construction applicable to Title VII apply equally to the Ohio Civil Rights statute" so that the plaintiff also "ha[d] no claim for retaliation under O.R.C. Chapter 4112." 464 F. Supp. 2d at 751.

*Id.* at 750. This Court agrees with the reasoning of *Rainer* and incorporates that case's rationale here by adoption.

Plaintiff argues that *Rainer* is incorrect in light of *EEOC v. Ohio Edison Co.*, 7 F.3d 541 (1993). In *Ohio Edison*, a discharged employee had received an offer of reinstatement that was subsequently rescinded after a different employee protested the discharged employee's termination. *Id.* at 542. The discharged employee asserted that he was not rehired in retaliation for the employee protesting the defendant's unlawful employment practices. *Id.* In a specific and narrow holding, the Sixth Circuit determined that Title VII "should be broadly construed to include a claim in which an employee, *or his representative,* has opposed any practice made an unlawful employment practice." *Id*. at 545-46. The key component in this holding is assistance, not mere association.

Therefore, although *Ohio Edison* indeed permitted a third-party reprisal action, this Court agrees with *Rainer* that the *Ohio Edison* holding is limited to instances where an employee has acted *on behalf of* or in a *representative capacity to* the other employee. *Rainer*, 464 F. Supp. 2d at 746. *See also Thompson v. N. Am. Stainless, LP*, 435 F. Supp. 2d 633, 637-39 (E.D. Ky. 2006) (crediting specific holding of *Ohio Edison* as distinguishable and reading broader *Ohio Edison* language as dicta). Whereas the *Ohio Edison* plaintiff had asked his co-worker to protest on his behalf, Plaintiff has not pled any such allegation in this matter. Thus, as *Rainer* similarly concluded, the distinguishable *Ohio Edison* cannot provide an answer to the question presented here.

Nor does the fact that the Ohio Supreme Court has construed the state statutes' definition of employer more broadly than the federal statutory scheme lead to the conclusion, as Plaintiff posits, that the state court intends "to bring as many persons or entities within its ambit as is possible in this regard." (Doc. # 14, at 3-4.) Such analysis on Plaintiff's part asks the Court to draw one unfounded conclusion based on a wholly dissimilar aspect of the statutory scheme. But Plaintiff has failed to direct this Court to any statutory or common law authority supporting his claim. This Court therefore remains convinced that *Rainer* and its analysis, including the persuasive authority cited therein, lead to the conclusion that Plaintiff has failed to assert a claim in count one upon which this Court can grant relief. *See Rainer*, 464 F. Supp. 2d at 747-49 (citing *Fogleman v. Mercy Hosp.*, 283 F.3d 561 (3d Cir. 2002); *Smith v. Riceland Foods*, 151 F.3d 813 (8th Cir. 1998); *Holt v. JTM Indus.*, 89 F.3d 1224 (5th Cir. 1996)).

### C. Count Two: Federal retaliation claim

Defendant also argues in its motion that the Court cannot grant relief on Plaintiff's retaliation claim under the FMLA because Plaintiff does not allege that *he* was eligible for or entitled to leave under the FMLA or that Defendant interfered with *his* FMLA rights. (Doc. # 4.) Defendant reasons that, by predicating his claim on the actions and rights of *his wife*, Plaintiff has asserted a third-party claim that the FMLA does not recognize.

In response, Plaintiff argues that recognizing a third-party reprisal claim under the FMLA for a spouse predicated on the other spouse's exercise of FMLA rights would further the public policy behind the statutory scheme, similar to a third-party reprisal claim under Title VII. Plaintiff does not cite any controlling or persuasive case law supporting this proposition, however. Plaintiff has also not directed this Court to any portion of the FMLA containing text

that would even arguably support his claim. Nor has he pointed to any legislative history supporting his implicit contention that Congress intended the FMLA to operate in the manner he promotes.

Plaintiff has thus failed to direct this Court to any authority that supports his public policy-based argument. This Court's own research has, however, uncovered a case that counters at least Plaintiff's standing and casts doubt on his claimed cause of action. *See Elsensohn v. Parish of St. Tammany*, No. 06-11393, 2007 WL 1799684, at *3-6 (E.D. La. June 19, 2007) (holding that a plaintiff lacked standing to assert a third-party retaliation claim under the FMLA, even if such a claim existed, where such a claim was predicated on mere association). Like the plaintiff in *Elsensohn*, Plaintiff here has asserted nothing but mere association with an individual who sought to exercise FMLA rights to support his FMLA retaliation claim. In light of this fact and the contrary authority, there is no basis for this Court to recognize the scope of the FMLA as expansively as Plaintiff asks.[3] This is because even if some sort of third-party retaliation claim exists under the FMLA, Plaintiff has failed to allege sufficient facts to demonstrate standing. Accordingly, there is also no apparent claim in count two upon which this Court can grant relief.[4]

---

[3] Assuming that Plaintiff's policy rationale invites an overly broad construction of the FMLA, Plaintiff's argument is perhaps better directed to the legislative branch, which is concerned with such public policy issues, and not a court, which is concerned with implementing statutes as written and the underlying public policy as codified.

[4] The Court notes that Defendant's characterization of *Humenny v. Genex Corp.*, 390 F.3d 901 (6th Cir. 2004), in its motion to dismiss is arguably misleading. Defendant cites *Humenny* for the proposition that "the retaliation provision under the FMLA applies only to prohibit employers from retaliating based on the employee's own exercise of a right under the statute." (Doc. # 4, at 5.) *Humenny* did not reach the issue sub j*udice*, however, but rather found that the plaintiff in that case was not an "eligible employee" under the FMLA because the

**D.  Count Three: Ohio public policy claim**

In his third count, Plaintiff asserts a claim for wrongful discharge in violation of Ohio public policy.  He pleads that Defendant knew or should have known that his spouse would likely be awarded temporary total disability benefits under the state workers' compensation scheme and that Defendant retaliated by terminating his employment.  Plaintiff's third count as pled fails to identify any basis for a state public policy against this conduct.

Defendant asserts that this Court cannot grant relief on the third count because there is no clear Ohio public policy precluding retaliation against an employee whose spouse/co-employee is likely to receive workers' compensation benefits.  In response, Plaintiff again presents this Court with a public policy argument, bootstrapping from the well-settled proposition that his wife could possess a retaliation claim based on public policy for her termination that Ohio public policy must therefore extend a claim to him as well.

As before, however, Plaintiff presents no case law on point, or other relevant authority, to support his expansive and self-serving declaration of state public policy.  In fact, the only case law he cites emphasizes that Ohio public policy clearly creates a retaliation claim for the workers' compensation *claimant*; there is no apparent basis for construing such a narrow policy choice more broadly.  *See Coolidge v. Riverdale Local Sch. Dist.*, 100 Ohio St. 3d 141, 797 N.E.2d 61 (2003).  The sensibilities behind Plaintiff's argument may be admirable–he contends

---

defendant-employer employed fewer than 50 employees within 75 miles of the plaintiff's worksite.  *Id.* at 905.  The court held that because the plaintiff did not qualify as an eligible employee, she could not state a claim for relief under the FMLA.  *Id*. at 905-06.  The appellate court thus did not address the issue of a third-party claim.

that in the absence of third-party retaliation claims a worker may feel forced to return to work to protect his or her spouse from retaliation–but, again, this Court is in the business of applying the law, not creating policy for the State of Ohio.  The Court therefore concludes that Plaintiff has failed to point to any clearly established public policy to sustain his third claim for relief.  *Cf. Rainer*, 464 F. Supp. 2d at 751 ("[B]ecause neither state law nor federal statutes prohibit termination of [a plaintiff's] employment . . ., the Court cannot say that such termination contravened the clear public policy of Ohio.").

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss.  (Doc. # 4.)  The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE